```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                        :
                                                :
v.                                              :
                                                :
WENDELL JONES;                                  :      **MEMORANDUM OPINION**
JESSE DABBS;                                    :      **AND ORDER**
JASON BOGAN;                                    :
BYRON MOUNTAIN;                                 :      19 CR 700 (VB)
SARAH GILLON;                                   :
DOROTHY MCALLISTER;                             :
GUSTAVO GONZALEZ; and                           :
KEVIN HERBIN,                                   :
                      Defendants.               :
--------------------------------------------------------------x
```

For the reasons stated on the record at a hearing on June 8, 2020, conducted by telephone conference and attended by all defendants and their counsel, the Court DENIED defendant Jones's pretrial motions (Doc. #64), and DENIED IN PART AND GRANTED IN PART defendant Dabbs's pretrial motions (Doc. #70).

With respect to Dabbs's motion to suppress post-arrest statements he made on October 3, 2019, the Court made certain rulings subject to its review of the video recording of Dabbs's post-arrest interrogation. The Court has now reviewed the video recording and concludes that, for the reasons stated on the record at today's hearing, the interrogating agent did not conduct an improper two-step interrogation designed to undermine the protections of Miranda v. Arizona, 384 U.S. 436 (1966).

As reflected in the video recording, at the beginning of the interrogation and before asking Dabbs any questions, the agent referenced Miranda, albeit informally, and asked Dabbs if the officers who transported him had read him the Miranda warnings. Dabbs recited from his own memory at least two of the traditional warnings, specifically, his right to remain silent and that anything he said could be used against him in court. The agent then supplemented Dabbs's

1

response, telling Dabbs that if he spoke to the agents, he could stop talking at any time, he had a right to the presence of an attorney during any questioning, and that if could not afford an attorney, the agents would get an attorney for him.  About three minutes after this interaction, the agent presented Dabbs with a written Miranda acknowledgment and waiver form, which Dabbs read aloud and signed.

The agent did ask Dabbs some questions during the three-minute period in between the initial Miranda discussion and Dabbs's reading aloud and signing the written Miranda form—specifically, whether Dabbs knew or saw any of the other defendants arrested that day, and about Dabbs's relationship with a co-defendant.  Dabbs admitted knowing some of the other people who had been arrested and that he had previously lived with two of them.  However, during this three-minute period, Dabbs did not admit to any drug-dealing activity.  After Dabbs read and signed the written Miranda form, he continued to answer the agent's questions.  Dabbs does not contend he did not knowingly and voluntarily waive his Miranda rights.

Based on the combination of Dabbs's accurate recitation of some of the Miranda warnings, which demonstrated he knew what his Miranda rights were, and the agent's verbal supplementation of the warnings, the Court finds that Miranda's requirements were satisfied prior to the initial questioning of Dabbs.  But even assuming for the purposes of this motion that Dabbs's initial Miranda warnings were inadequate, there is nothing in the video recording to indicate the agent engaged in a deliberate two-step strategy to withhold the Miranda warnings until Dabbs had confessed to certain conduct, only to thereafter recite the Miranda warnings and confirm the confession.  See Missouri v. Seibert, 542 U.S. 600, 620-22 (2004) (Kennedy, J., concurring); United States Williams, 681 F.3d 35, 40-41 (2d Cir. 2012); United States v. Carter, 489 F.3d 528, 536 (2d Cir. 2007).

First, the agent <u>did</u> give <u>Miranda</u> warnings, albeit informally, before asking any questions.  If the agent was deliberately engaging in a two-step strategy to obtain a post-warning confession, he would not have referenced <u>Miranda</u> in asking whether Dabbs had already been given the warnings, and then after Dabbs accurately recited from memory a portion of the <u>Miranda</u> warnings, he would not have told Dabbs he had the right to stop talking at any time, as well as the right have an attorney present and to have an attorney appointed if he could not afford one.  Also, an agent trying to circumvent <u>Miranda</u> would not have gone over Dabbs's <u>Miranda</u> rights a second time a few minutes later.

In addition, Dabbs did not admit to dealing drugs before the agent provided the more formal recitation of his <u>Miranda</u> rights.  Thus, unlike in <u>Seibert</u>, the initial questioning did not produce a confession before the <u>Miranda</u> warnings, only to be followed by a request to repeat the confession after the <u>Miranda</u> warnings.  Dabbs's confession was made only after the formal <u>Miranda</u> warnings were given and acknowledged.

Accordingly, for the above reasons, and for the reasons stated on the record at today's hearing, defendant Dabbs's motion to suppress his post-arrest statements is DENIED.

Dated: June 8, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge